IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT N. DUCKETT, | No. 2:15-cv-0976-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 13), defendant's amended cross-motion for summary judgment (Doc. 16), and plaintiff's reply (Doc. 15).

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits with a protective filing date of December 20, 2011, alleging an onset of disability on July 9, 2003, due to disabilities including back, hip and neck pain, depression, anxiety, low reading level, headaches, and sleep

disturbances (Certified administrative record ("CAR") 57-58, 64-65, 71-72, 165-68, 181-85). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested an administrative hearing, which was held on October 10, 2013, before Administrative Law Judge ("ALJ") David M. Blume. In a January 21, 2014, decision, the ALJ concluded that plaintiff is not disabled[1] based on the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since June 9, 2010 (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: status post left lower extremity and hip fracture, cervical degenerative disc

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

        disease, mood disorder, and cognitive disorder. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  He can occasionally climb, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders/ropes/scaffolds.  He should avoid hazards such as unprotected heights and moving machinery, and he can do work activity involving nonpublic, simple, repetitive tasks with occasional interaction with coworkers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 18, 1967 and is defined as a younger individual age 18-49 (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 9, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(CAR 9-17). After the Appeals Council declined review on March 6, 2015, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

3

more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff argues the ALJ erred in rejecting the consultative examiner's opinion without specific and legitimate reasons.

Chester Sunde, Psy.D. performed a psychiatric consultative evaluation of plaintiff on December 20, 2012.  (CAR 278-82).  Dr. Sunde assessed plaintiff with the following functional assessment/medical source statement:

> Ability to understand, remember and complete simple commands, mild impairment due to cognitive impairment.
>
> Ability to understand, remember and complete complex commands, moderate to marked impairment due to cognitive impairment and anxiety.
>
> Ability to interact appropriately with supervisors, coworkers and the public, moderate to marked impairment due to impaired

>    cognition, depression and anxiety.
>
>    Ability to comply with job rules such as safety and attendance, moderate to marked due to impaired cognition, depression and anxiety.
>
>    Ability to respond to changes in a normal workplace setting, moderate to marked impairment due to cognitive impairment, depression and anxiety and ability to maintain persistence and pace in a normal workplace setting, moderate to marked impairment due to impaired cognition, significant levels of anxiety and some depressive symptoms.

(CAR 381).

In his opinion, the ALJ discussed Dr. Sunde's opinion, setting forth Dr. Sunde's findings. In his evaluation thereof, the ALJ stated: "Dr. Sunde indicated moderate to marked functional limitations. 7F. The clinical findings and the claimant's independent daily activities support a finding of moderate rather than marked limitations." (CAR 15). The ALJ then went on to give great weight to the state agency doctors who indicated plaintiff was capable of performing nonpublic, simple, repetitive tasks.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831.

1   While a treating professional's opinion generally is accorded superior weight, if it is contradicted
2   by an examining professional's opinion which is supported by different independent clinical
3   findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,
4   1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be
5   rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,
6   81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of
7   the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a
8   finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and
9   legitimate reasons, the Commissioner must defer to the opinion of a treating or examining
10  professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,
11  without other evidence, is insufficient to reject the opinion of a treating or examining
12  professional.  See id. at 831.  In any event, the Commissioner need not give weight to any
13  conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,
14  1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);
15  see also Magallanes, 881 F.2d at 751.

16          Plaintiff contends the ALJ's reasons for discounting Dr. Sunde's opinion were not
17  legally sufficient.  He argues that as the examining physician, Dr. Sunde's opinion should have
18  been given greater weight than the State agency reviewing physician, and if not specific and
19  legitimate reasons for rejecting the weightier opinion must be given.  He contends the reasons for
20  rejecting Dr. Sunde's opinion, the clinical findings and plaintiff's daily activities, were
21  insufficient.  Specifically, his daily activities, as summarized by the ALJ are not inconsistent with
22  Dr. Sunde's limitations, and the ALJ failed to adequately explain how those routine activities
23  translate into the ability to perform work on a full-time competitive basis.  Further, the ALJ fails
24  to cite what medical evidence demonstrates the inconsistency.

25          The undersigned finds that the ALJ did not reject Dr. Sunde's opinion as plaintiff
26  argues.  Dr. Sunde opined that plaintiff had moderate to marked limitation related to his

cognitive abilities.  The ALJ found the lesser of those limitations, moderate not marked limitations, was supported by clinical findings and plaintiff's daily activities.  He further gave great weight to the State agency doctors who assessed plaintiff with the ability to perform medium work and nonpublic, simple, repetitive tasks.  The ALJ further limited plaintiff's ability to light work.  Based on the ALJ's determination, then, plaintiff had the ability to perform light work, but had moderate functional limitations and restricted him to nonpublic, simple, repetitive tasks.  However, his RFC only included the restrictions related to nonpublic, simple, repetitive tasks, and did not further address plaintiff's functional limitations.  Most notably, Dr. Sunde assessed plaintiff with limitations as to his ability to maintain persistence and pace.  As plaintiff's argues, the ALJ failed to include this limitation, which he purportedly accepted.

        The defendant does not address the ALJ's failure to include a limitation in the RFC as to plaintiff's ability to maintain persistence and pace.  There are two Ninth Circuit cases generally cited in arguments regarding limitations to a claimant's ability to maintain persistence and pace.  The first is a published opinion, Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008); the second is an unpublished opinion, Brink v. Commissioner of the Social Security Administration, 343 Fed. Appx. 211 (9th Cir. 2009).  In Stubbs-Danielson, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."  Id. at 1174.  In that case, the medical evidence did not establish any significant limitation on the claimant's ability to maintain concentration, persistence or pace.  Based on the lack of specific medical limitations, the Ninth Circuit determined the ALJ did not err in finding an RFC limited to simple and repetitive tasks was sufficient to incorporate any mental deficiencies.  In contrast, in Brink, the medical evidence established the claimant had moderate difficulty with concentration, persistence or pace, which was accepted by the ALJ.  See Brink, 343 Fed. Appx. at 212.  So failure to include that limitation was reversible error.

/ / /

1  The undersigned finds this case is akin to Brink.  The ALJ purportedly accepted
2  Dr. Sunde's opinion that plaintiff had moderate functional limitations, but failed to include all of
3  those limitations in the RFC.  While the ALJ's limitation to nonpublic, simple, repetitive tasks
4  addressed most of the functional limitations Dr. Sunde assessed, it fails to address plaintiff's
5  moderate limitations in maintaining persistence and pace.  As this limitation was not included in
6  the RFC, the RFC is incomplete.

7  Hypothetical questions posed to a vocational expert must set out all the
8  substantial, supported limitations and restrictions of the particular claimant.  See Magallanes v.
9  Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's
10 limitations, the expert's testimony as to jobs in the national economy the claimant can perform
11 has no evidentiary value.  See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While
12 the ALJ may pose to the expert a range of hypothetical questions based on alternate
13 interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's
14 determination must be supported by substantial evidence in the record as a whole.  See Embrey v.
15 Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

16 As the RFC failed to include all of the limitations accepted by the ALJ, the
17 hypothetical questions posed to the vocational expert are similarly insufficient.

### IV.  CONCLUSION

19 Based on the foregoing, the undersigned finds that the ALJ committed reversible
20 error for his failure to include all of plaintiff's limitations in the RFC.  Accordingly, IT IS
21 HEREBY ORDERED that:

22  1.  Plaintiff's motion for summary judgment (Doc. 13) is granted;
23  2.  Defendant's amended cross-motion for summary judgment (Doc. 16) is
24 denied;
25  3.  This matter is remanded for further proceedings consistent with this order;
26 and

      4.      The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 29, 2016

                                                  _____
                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE